684 P.2d 1008
**U–HAUL COMPANY OF IDAHO,**
**Plaintiff-Respondent,**

v.

**Lamar ARMSTRONG,**
**Defendant-Appellant.**

**No. 14276.**

Court of Appeals of Idaho.

May 29, 1984.

Monte Whittier, Whittier & Souza, P.A., Pocatello, for defendant-appellant.

John Ohman, argued and Christine Burdick, Cox & Ohman, Idaho Falls, for plaintiff-respondent.

WALTERS, Chief Judge.

Lamar Armstrong appeals from a summary judgment entered against him for breach of a contract. He asserts that genuine issues of material fact exist as to his liability for a portion of the damages which U-Haul Company of Idaho was awarded. We agree and reverse the order granting summary judgment.

U-Haul International, Inc., and Lamar Armstrong entered into an agreement pro-

---

viding that U-Haul would purchase a parcel of real property from Armstrong. Armstrong had used the property as a dump for car bodies and other junk. The parties deleted a paragraph in U-Haul's printed form contract which provided that Armstrong would "deliver up the ... property free and clear of all debris, trash and noxious materials." The parties added three paragraphs to the form agreement:

1. Buildings are vacant, except for personal property in storage, which will be removed by the seller.

2. Seller to have 30 days after closing to remove personal property from the lots and buildings.

3. No personal property is included in sale, only the land and buildings attached to the property, which includes the unfinished 70' x 35'4" cinder-block building, sold in as is condition as inspected by Mr. Schnee of U-Haul in Boise Idaho.

After thirty days had elapsed, a representative of U-Haul International wrote to Armstrong, stating that Armstrong had not "as yet removed the car bodies, steel and junk from the premises as promised." After Armstrong failed to respond, U-Haul contracted with a third party to clear the lot so that U-Haul could begin construction. The bill for that work described the services rendered as "[d]emolition as per instructions ... and hauling of all debris to county landfill. Removal of all car and truck bodies, leaving existing, cleared land with blade finish, leaving two existing houses and trees, removal of all fences." U-Haul requested Armstrong to pay the cost of this work, alleging that it resulted from Armstrong's failure to "complete your end of the sale agreement." When Armstrong refused to pay, U-Haul brought suit to recover the full amount of the bill.

At the hearing on the motion for summary judgment, Armstrong's counsel stated that "the basic question that we are contesting is the amount of money owed to U-Haul. As shown in their receipt, there are certain expenditures in there for leveling and blade grading on this property, which, of course was not covered by the contract." He requested a period of ten days to obtain an itemization of the bill from the third party. The court granted Armstrong ten days to file an affidavit reflecting the itemization. When no affidavit was filed, the court granted summary judgment in the full amount of the bill. This appeal followed.

In reviewing an order of summary judgment, we must determine whether a genuine issue of material fact remains to be decided, in light of the pleadings, depositions, affidavits and admissions on file. I.R.C.P. 56(c); *Smith v. Thompson*, 103 Idaho 909, 655 P.2d 116 (Ct.App.1982). If no genuine issue of material fact remains, we must decide which party is entitled to judgment as a matter of law. I.R.C.P. 56(c).

▮ Using the bill which U-Haul submitted as proof of damages, Armstrong showed that at least some of the expense incurred was for work which Armstrong was not legally obligated to perform—demolition, putting a "blade finish" on the ground (which clearly indicates leveling and grading) and removing all fences. This work was not within the contract between U-Haul and Armstrong. As a matter of law—based on the contract—U-Haul is not entitled to recover for *all* items in the bill. Because these items have not been broken down in cost amounts, an issue of fact remains concerning the cost of items which U-Haul was entitled to recover.

Moreover, in respect to the portion assessable to Armstrong, other questions of fact exist. By deleting a standard provision from U-Haul's proposed contract with Armstrong, the parties reached an understanding that Armstrong did not have to "deliver up the ... [land] free and clear of debris, trash and noxious materials." Instead, the parties agreed that Armstrong would have thirty days to remove "personal property" from the land, and that no personal property was included in the sale. By statute, every kind of property that is not real property is personal property. I.C. § 55–102. Arguably, therefore, the person-

al property referred to in the contract would include the "debris, trash, and car and truck bodies" which U-Haul removed from the land. But, as we have noted, Armstrong was not required to deliver up the land free of trash and debris.

In our view, the contract is ambiguous. The parties, by their contract negotiations, may have intended to create a distinction between debris and personal property, although the effect of that distinction is unclear. Alternatively, the parties may have intended to provide that Armstrong was not obligated to remove any personal property (including debris) but that he could remove such property as he might wish to salvage, within thirty days. Because these differing interpretations are available, the contract does not, by itself, establish who should bear the expense of removing "personal property" (whatever the parties might have agreed that to mean) remaining on the land after the thirty days had expired. Therefore, what the parties intended by their contract is a question of fact, material to the determination of who should be responsible for the expense incurred by U-Haul. On remand, this question of fact should be resolved.

We reverse the order granting summary judgment to U-Haul. We remand this case to the district court for further proceedings to determine what part of U-Haul's damages resulted from Armstrong's breach, if any.

No costs or attorney fees allowed.

SWANSTROM and BURNETT, JJ., concur.